**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF MINNESOTA**

**Chapter 7 – CASE NUMBER: 04-43221 RJK**

In Re:

Paul Jerome Johnson and Barbara Sue Johnson,

Debtors.

**TRIAL MEMORANDUM
OF DEBTORS**

Paul and Barbara Johnson have made a home for themselves in Independence, Minnesota. They chose to make their home there because the location provided them with a degree of privacy, peace and quiet that they could not, nor would they be able to, find in the twin cities or its surrounding suburbs.

The evidence presented by Paul and Barbara Johnson in this matter will demonstrate that their homestead property and the properties surrounding their homestead have distinctly rural characteristics and are situated in an area that is rural in nature, with no substantial "big city" conveniences or luxuries.

**I.    STATEMENT OF FACTS**

The Debtors submit this trial memorandum to support their claim that their homestead located in Independence, Minnesota is exempt under Minn. Stat. §§ 510.01 and 510.02 because the homestead property and the surrounding areas are rural in nature and as such can be exempted up to 160 acres and up to $200,000 in equity.

Barbara and Paul Johnson, (hereinafter "Debtors" or "Barb" or "Paul"), commenced this bankruptcy proceeding by filing their Chapter 13 bankruptcy petition and schedules with this

Court on June 8, 2004. The case was converted to a Chapter 7 on April 15, 2009. The meeting of creditors for their Chapter 7 case was held on May 19, 2009. At the meeting, the Debtors testified that their homestead property consisted of 5 acres. According to the Hennepin County website, the property consists of just less than 5 acres and is actually 4.75 acres to be exact. See, Plaintiff's Exhibit 10.

Debtors amended their schedules A and C to reflect the current balance on the mortgage and the current market value of the homestead which has dropped significantly since 2004.[1] As it now stands, the homestead property is worth $275,000 based on what 2 similar properties nearby were recently sold for. These other properties had more land than the Debtors' property and were on the market for 400 to 500 days before they sold for $208,000 and $274,000. The Debtors' homestead is subject to a mortgage in the amount of $151,000, leaving equity in the amount of $124,000.

The Debtors' homestead consists of 4.75 acres and is located in Independence, Minnesota which is in Hennepin County. The property is located off of a dirt road in a rural portion of Independence, Minnesota and is unplatted. See, Plaintiff's Ex. 10. The parcels which surround the Debtors' property are rural in nature, specifically:

- The parcel to the North across from Lake Sarah Road, a dirt road, consists of 4.28 unplatted acres;

- The parcel to the East consists of 1.89 unplatted acres;

- The parcel which touches Debtors' property on the Southeast corner consists of 3.39 unplatted acres;

- The parcel to the South consists of 18.06 unplatted acres; and

- The parcel to the West across from the paved road, Country Road 92 North, consists of 8.14 unplatted acres.

---

[1] Under 11 U.S.C. § 348(f)(1)(B) the valuations listed in the Debtors' original Chapter 13 Petition do not apply when the 13 is converted to a Chapter 7.

2

This list makes clear that these properties are all similar to one another in size and with respect to the fact that they are unplatted. All of the surrounding properties, as well as Debtors' property utilize wells and septic systems, and discharging a firearm whether one is hunting or for other recreational purposes is allowed on Debtors' and neighboring properties. The owner of the property to the south of the Debtors includes fields of alfalfa, which the owner plants, grows and harvests. All of these characteristics point toward the designation that the area surrounding Debtors' homestead is rural in nature.

Furthermore, down the road from the Debtors just one and a half miles is a 120 acre buffalo farm and adjacent to the buffalo farm are the stables for the Shriner's Horse Patrol, which occupies 160 acres. This is where the City of Minneapolis boards the horses used by the City's Park Patrol Officers. Farms this large which raise and board large animals – one of them for profit – also lend to the characterization of the area around Debtors' home as rural.

Additionally, pheasant and duck hunting are allowed across from Debtors on county Road 92. Other properties nearby – that is within one mile or less of Debtors – contain barns, old farmhouses, and other outbuildings. One of the nearby landowners has cows and hay fields and another has horses, and a stable, and grows vegetables and apples. There are also areas of undeveloped land, and fields of wheat and corn.

The city of Independence itself, where Debtors reside, does not have any sort of business or retail district at all, and is only made up of large parcels similar to the Debtors' land, used for either agricultural, or residential purposes. In Independence, there are no suburban residential developments where the homes are situated relatively close together. Most of the parcels surrounding the Debtors, including their own, are zoned agricultural. See, Plaintiff's Exhibit 9.

The nearest towns are Maple Plain and Delano which are each about 3 to 4 miles outside of Independence. Their populations are about 1,600 and 1,900 respectively. These two towns are where Debtors would travel in order to buy groceries or run other errands, and while they are not a far distance away, they still lack the retail and entertainment amenities which could be found in the twin cities or its suburbs.

## II.   ARGUMENT

The Debtors' homestead exemption is allowed under Minn. Stat. §§ 510.01 and 510.02 and the controlling case law. The statute in place at the time of the Debtors' filing allows for Debtors to exempt up to $200,000 in equity for a property consisting of up to 160 acres so long as the areas surrounding the homestead are primarily rural in nature. See, National Bank of the Republic of New York v. Banholzer, 71 N.W. 919 (Minn.1897); Dietz v. Becker, 215 B.R. 585 (B.A.P. 8th Cir. 1998); In re Engstrom, BKY 05-39536.

**DEBTORS ARE ENTITLED TO THE HOMESTEAD EXEMPTIONS IN MINNESOTA STATUTES SECTIONS 510.01 AND 510.02.**

Since the Debtors originally filed their case in 2004, the statute in place at the time of their filing applies. Section 510.01, which controlled at the time the Debtors filed their original petition stated:

> 510.01 Homestead defined; exempt; exception.
>
> The house owned and occupied by a debtor as the debtor's dwelling place, together with the land upon which it is situated to the amount of area and value hereinafter limited and defined, shall constitute the homestead of such debtor and the debtor's family, and be exempt form seizure or sale under legal process on amount of any debt not lawfully charged thereon in writing, except such as are incurred for work or materials furnished in the construction, repair, or improvement of such homestead, or for services performed by laborers or servants and as is provided in section 550.175.

The next section of the Statues provided the exemption limits for a homestead in size and value. Specifically it stated:

4

>510.02 Area and value; how limited.
>
>The homestead may include any quantity of land not exceeding 160 acres, and not included in the laid out or platted portion of any city.  If the homestead is within the laid out or platted portion of a city, its area must not exceed one-half of an acre.  The value of the homestead exemption, whether the exemption is claimed jointly or individually, may not exceed $200,000 or, if the homestead is used primarily for agricultural purposes, $550,000, exclusive of the limitations set forth in section 510.05.

Thus, it appears from the above statutes that the inquiry as to whether the Debtors in this case are entitled to the exemption for their property consisting of over a half an acre, rests upon whether their homestead is within the laid out or platted portion of the city.  See, Minn. Stat. § 510.02 (2004). There are Minnesota cases which have discussed how to apply this language of the statute.

Although the case is over a century old, the Minnesota Supreme Court's holding in National Bank of the Republic of New York v. Banholzer, is still good law.  71 N.W. 919 (Minn. 1897).  The court analyzed Minnesota's homestead exemption in place at the time.  Specifically, it looked at the phrase "platted or unplatted portion of any incorporated town, city or village," and held that whether or not the homestead was platted or unplatted could not be the sole determining factor in the analysis, but rather the distinction lied in whether *the land around the homestead* is rural or urban in nature.  Id. at 919 (emphasis added).  *If* it was unclear as to the nature of the surrounding area, *then* a court could analyze the actual homestead itself and whether it was rural or urban in nature.

The homestead at issue in Banholzer, was surrounded by land that was platted.  The homestead was on a five acre tract of land and was surrounded on the north and west with "a very considerable number of houses", and a brewery and railroad car shops to the northeast.  According the court, there was nothing else "urban in character" for miles around and the

5

homestead in question was two and a half to three miles outside of the business center of the city. The court found these characteristics to be enough to make the determination that the surrounding areas were rural in nature and did not reach the issue of whether the homestead itself was rural or urban in nature. Id. at 920.

In a more recent case, the Eighth Circuit B.A.P. looked to the Banholzer case in reaching its holding in Dietz v. Becker, 215 B.R. 585, 8th Cir. B.A.P. (Minn.1998). The Trustee objected to the Becker's homestead exemption for their home which sat on 58 acres of land and argued that the surrounding area had been developed to such an extend that it was not rural in nature and as such, the Beckers should not be entitled to the exemption for a "rural homestead". Id. at 586.

The lands surrounding the Beckers' homestead included, land to the south and west that was used strictly for agricultural purposes, while the land to the east and north was residential and more or less suburban in nature. The court then took the inquiry further and looked to the nature of the Beckers' homestead, which had a barn and other outbuildings, a pasture for grazing horses, and a corn field. The court applied the analysis developed by the Banholzer court and held that, the nature of the Beckers' land when taken together with the characteristics of the land surrounding them, allowed for the Beckers to exempt their home under the "rural homestead exemption", and upheld the lower court's ruling denying the Trustee objection. Id. at 585-87.

And lastly, both cases were discussed and relied upon by Judge Gregory Kishel in his decision in In re Engstrom, BKY 05-39536. The same version of the homestead exemption was in place when Engstrom was decided as the version which is controlling in this case. The homestead tract at issue was in Afton, Minnesota and consisted of 4.7 acres. The debtors' lot was surrounded by similar sized lots and these lots as well as debtors' had rural characteristics such

6

as dirt roads, plowed strips of cropland, and open and undeveloped spaces. There were also residential housing developments nearby that were more "suburban" in nature. Id. at 6.

The court pointed out that the term rural "need not be lock stepped with 'agricultural'". Id. at 9. The court went on to state that the homestead and surrounding areas at issue seemed to be "far less urban in nature than those presented in Banholzer." And based upon Banholzer and Becker, the court held that the debtors should be allowed to take the homestead exemption allowing for up to 160 acres if the area is "rural in nature". Id. at 12.

Another important point made by Judge Kishel in In re Engstrom was that the Debtors' concession that they did not use their land for any sort of agricultural purposes did not cut against their claimed homestead exemption. In a footnote Judge Kishel writes: "the nature of their land itself and their use of it need not be examined for the purposes of acreage limitation. Their usage would be relevant to the statue's *value* limitation." He goes on to discuss how his position differs from that of the holding of Judge Dreher in In re Kyllonen, which is relied on heavily by the Trustee in this case. 370 B.R. 205, 214 (Bankr.D.Minn. 2007).

While neither In re Kyllonen, nor In re Engstrom, are controlling in this case, the Debtors believe that the logic followed by Judge Kishel in In re Engstrom is not only correct under the clear language of the statute, but it also follows the court's dicta in Banholzer: "it is immaterial to what use the Debtor puts the property so long as he resides upon it." 71 N.W. at 920. The Trustee's reliance on the fact that the Debtors do not use their homestead property for any agricultural purposes is misplaced. It is irrelevant to what use the Debtors put their property and the Trustee has not cited any controlling authority which states otherwise.

When the holdings in these cases are applied to the circumstances surrounding this case, it lends itself to the result that the Debtors' homestead should be protected under the Homestead

Exemptions in the §§ 510.01 and 510.02.  The Debtors' acreage is surrounded by similar sized lots all around and these lots include an alfalfa farm and other acreage on which the land owners plant vegetable, harvest apples, and keep horses.

Only a few miles down the road are a 120 acre buffalo farm and a boarding farm for horses occupying 160 acres.  The City of Independence does not even have a business district and the nearest business district or retail area is more than three miles from their home in another city altogether.  There are fields of crops including acres of alfalfa, wheat, hay, and corn, and there are also undeveloped areas nearby.  The area surrounding the Debtors' home is as rural if not more rural in nature than any of the lands at issue in <u>Banholzer</u>, <u>Engstrom</u>, or <u>Becker</u>.  As such, the Debtors in this case should be permitted to take the homestead exemptions in Minn. Stat. §§ 510.01 and 510.02, and the Trustee's objection should be overruled.

### III.    CONCLUSION

Therefore, based on the foregoing arguments, the Debtors respectfully request that the Court deny the United States Trustee's Objection to the Debtors' homestead exemption under §§ 510.01 and 510.02.

Respectfully Submitted,

**Dated:** October 27, 2009                **LAMEY LAW FIRM, P.A.**

<u>/e/ Elaine D.W. Wise</u>
Elaine D.W. Wise, I.D. #0387871
John D. Lamey III, I.D. #0312009
Attorneys for Debtors
980 Inwood Avenue North
Oakdale, MN 55128